FILED
 2009 Sep-30 PM 02:08
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **CLARENCE DALE ROBERTS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case Number:  CV-08-S-2044-E** |
| ) | |
| **WARDEN LEEPOSEY DANIELS,** ) | |
| **et al.,** ) | |
| ) | |
| **Respondents.** ) | |

### MEMORANDUM OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. 2254. The magistrate judge entered a report and recommendation recommending that the action be dismissed, because it is barred by the statute of limitations.  The petitioner has filed objections to the report and recommendation.  In his objections, Roberts argues for the first time that the statute of limitations should not apply to him because he is "arguing his case under ACTUAL INNOCENCE."  The Supreme Court has never addressed whether actual innocence is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA.  However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for

actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (Quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Roberts has offered nothing to support his conclusory statement that he is actually innocent. Therefore, he has failed to meet the requirements of the *Schlup* test.

The court has considered the entire file in this action, including the magistrate judge's report and recommendation and petitioner's objections thereto, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

DONE this 30th day of September, 2009.

_____
United States District Judge